1  Timothy L. Reed, Bar No. 258034
   treed@fordharrison.com
2  Noah M. Woo, Bar No. 311123
   nwoo@fordharrison.com
3  **FORD & HARRISON LLP**
   1901 Harrison Street, Suite 1650
4  Oakland, CA  94612
   Telephone:    415-852-6910
5  Facsimile:    415-852-6925

6  Attorneys for Defendant WALMART INC.
   (erroneously sued as WALMART, INC.)
7

8                  UNITED STATES DISTRICT COURT

9               NORTHERN DISTRICT OF CALIFORNIA

10

11 BRIDGETTE HANEY,                    Case No.

12          Plaintiff,                 **DECLARATION OF NOAH WOO IN
                                       SUPPORT OF DEFENDANT'S NOTICE
13          v.                         OF REMOVAL TO THE UNITED STATES
                                       DISTRICT COURT FOR THE
14 WALMART, INC., and DOES 1 through   NORTHERN DISTRICT OF CALIFORNIA
   100,                                PURSUANT TO  28 U.S.C. §§ 1332, 1441,
15                                     AND 1446 (DIVERSITY JURISDICTION)**
            Defendants.
16
                                       Action Filed:        February 9, 2021
17                                     Action Removed:       April 9, 2021

18

19

20

21

22

23

24

25

26

27

28

FORD & HARRISON
LLP
ATTORNEYS AT LAW
OAKLAND

-1-                         DECLARATION OF NOAH WOO ISO OF DEFENDANT
                            WALMART INC.'S NOTICE OF REMOVAL

I, Noah Woo, declare as follows:

1.      I am over eighteen years of age, and have personal knowledge of each of the matters set forth below and, if called as a witness, could and would testify competently to each of them under oath.

2.      I am an attorney at Ford & Harrison and am counsel of record for Walmart Inc. ("Defendant" or "Walmart") in this case.

3.      Plaintiff Bridgette Haney ("Plaintiff") filed a Complaint on February 9, 2021, in the Superior Court of California, County of Contra Costa, entitled "*Bridgette Haney v. Walmart, Inc. and Does 1-100*," Case No. C-21-00175.  On March 12, 2021, Plaintiff served Defendant with a copy of the Complaint, Summons, Notice of Case Management Conference, and Unlimited Jurisdiction Civil Actions Packet via personal delivery on Walmart's agent for service of process, CT Corporation.  Attached hereto as **Exhibit A** is a true and correct copy of the Service of Process Transmittal report provided to Walmart Inc. by its agent for service of process, CT Corporation, which reflects service of process on March 12, 2021.

4.      Attached as **Exhibit B** are true and correct copies of the Complaint, Summons, Notice of Case Management Conference, and Unlimited Jurisdiction Civil Actions Packet.

5.      On April 9, 2021, Defendant filed an Answer with the Superior Court of California, County of Contra Costa.  A true and accurate copy of Defendant's Answer is attached hereto as **Exhibit C**. Upon receipt of the court endorsed/filed stamped copy of the Answer, Defendant will lodge its Answer with this court. Defendant has not yet received a copy of the court-endorsed and file-stamped copy.

6.      The foregoing exhibits constitute the entire file or record in Plaintiff's state-court action, including all process, pleadings, and orders served upon or received by Walmart in this action and/or filed in this action. To my knowledge, no further process, pleadings, or orders related to this case have been filed in the Superior Court of California, County of Contra Costa, or served by any party.

7.      Walmart Inc. is a corporation incorporated under the laws of the State of Delaware. On April 2, 2021 I accessed the California Secretary of State's website and conducted

FORD & HARRISON
LLP
ATTORNEYS AT LAW
OAKLAND

- 2 -

DECLARATION OF NOAH WOO ISO OF DEFENDANT
WALMART INC.'S NOTICE OF REMOVAL

a business search for "Walmart Inc." Through the Entity Detail page, I was able to access the Statement of Information filed with the California Secretary of State. Attached as **Exhibit D** is a true and correct copy of the California Secretary of State's Business Search – Entity Detail page for Walmart Inc., which shows that Walmart Inc. is a Delaware corporation. Attached hereto as **Exhibit E** is a true and correct copy of the Statement of Information, which reflects that Walmart Inc.'s principal place of business is in Bentonville, Arkansas.

8.      Walmart will promptly notify Plaintiff and the Clerk of the Superior Court of California, County of Contra Costa, that the case has been removed.  A true and accurate copy of the notice to be mailed and served is attached hereto as **Exhibit F**. To avoid lodging duplicative copies with this Court, the actual notice of removal was removed as an exhibit.

9.      I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed this 12th day of April 2021, in Oakland, California.

_____
            NOAH WOO

# EXHIBIT A

 CT Corporation

**Service of Process Transmittal**
03/12/2021
CT Log Number 539201693

**TO:**     Kim Lundy Service Of Process
            Walmart Inc.
            702 SW 8TH ST
            BENTONVILLE, AR 72716-6209

**RE:**     **Process Served in California**

**FOR:**    WALMART INC.  (Domestic State: DE)

---

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Haney Bridgette, Pltf. vs. Walmart, Inc., et al., Dfts. *Name discrepancy noted.* |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Notice, Attachment(s) |
| **COURT/AGENCY:** | Contra Costa County - Superior Court - Martinez, CA Case # C2100175 |
| **NATURE OF ACTION:** | Employee Litigation - Discrimination |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 03/12/2021 at 12:45 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service (Document(s) may contain additional answer dates) |
| **ATTORNEY(S) / SENDER(S):** | Brian D. Sudano Sudano Law Firm 1990 N. California Blvd. 8th Floor-Ste. 830 Walnut Creek, CA 94596 925-849-4183 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 03/13/2021, Expected Purge Date: 03/18/2021 |
| | Image SOP |
| | Email Notification,  Kim Lundy Service Of Process  ctlawsuits@walmartlegal.com |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System 818 West 7th Street Los Angeles, CA 90017 877-564-7529 MajorAccountTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

# EXHIBIT B

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
 WALMART, INC., and DOES 1 through 100

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

 BRIDGETTE HANEY

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

F I L E D

FEB 09 2021

CLERK OF THE COURT
SUPERIOR COURT OF CALIFORNIA
COUNTY OF CONTRA COSTA
Deputy Clerk

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have **30 CALENDAR DAYS** after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* | Contra Costa County Superior Court<br>725 Court Street<br>Martinez, CA 94553 | CASE NUMBER: *(Número del Caso):*<br>C 21 - 00175 |
|---|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
 Brian D. Sudano, Esq./Sudano Law Firm, 1990 N. California Blvd., Ste. 830- 8th Floor, Walnut Creek, CA 94596 Tel: (925) 849-4183

| DATE:<br>*(Fecha)* FEB 09 2021 | Clerk, by<br>*(Secretario)* K. VAQUILAN | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010).)*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* Walmart Inc.

   under: ☒ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date)*

[SEAL] SUPERIOR COURT OF CALIFORNIA COUNTY OF CONTRA COSTA

Page 1 of 1

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courts.ca.gov

BRIAN D. SUDANO, Esq. (State Bar No. 255427)
SUDANO LAW FIRM
1990 N. California Blvd., 8th Floor- Ste. 830
Walnut Creek, CA 94596
Telephone:   (925) 849-4183
Facsimile:   (925) 849-4185
Email:       bsudano@sudanolaw.com

Attorney for Plaintiff





SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF CONTRA COSTA

PER LOCAL RULE, THIS
CASE IS ASSIGNED TO
DEP. 21 FOR ALL
PURPOSES.

| | |
|---|---|
| BRIDGETTE HANEY<br><br>Plaintiff,<br><br>vs.<br><br>WALMART, INC., and<br>DOES 1 through 100,<br><br>Defendants. | Case Number:<br>**C 21-00175**<br>**COMPLAINT FOR DAMAGES**<br><br>**UNLIMITED CIVIL CASE**<br>**(Amount demanded exceeds $25,000)**<br><br>**JURY TRIAL DEMANDED**<br><br>1.  **DISCRIMINATION BASED ON RACE**<br>2.  **DISCRIMINATION BASED ON SEXUAL ORIENTATION**<br>3.  **DISCRIMINATION BASED ON GENDER**<br>4.  **DISCRIMINATION BASED ON AGE**<br>5.  **HOSTILE WORK ENVIRONMENT**<br>6.  **INTENTIONAL INFLICATION OF EMOTIONAL DISTRESS**<br>7.  **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY**<br>8.  **FAILURE TO PREVENT DISCRIMINATION AND HARASSMENT** |

SUDANO LAW FIRM
ATTORNEY AT LAW
1990 N. California Blvd., 8th Floor- Suite 830, Walnut Creek, CA 94596

1

Plaintiff alleges:

## I.
## PROCEDURAL HISTORY

1.    Plaintiff BRIDGETTE HANEY (hereinafter referred to as "Plaintiff"), within three years of the causes of action alleged herein, filed a Charge of Discrimination against Defendant WALMART, INC., (hereinafter referred to as "Defendant") with the State of California Department of Fair Employment and Housing (DFEH).

2.    Within one year of the filing with the Charge of Discrimination with the DFEH, Plaintiff is filing this civil complaint.

## II.
## JURISDICTION AND VENUE

3.    The amount in controversy exceeds the jurisdictional limits of this Court.

4.    Venue is proper in Contra Costa County, California as the causes of action complained of herein occurred in Contra Costa County, California.

## III.
## PARTIES

5.    Plaintiff is an adult person and resident of the State of California.

6.    Defendant is a corporation doing business within the State of California and is subject to suit under the California Fair Employment and Housing Act, Government Code Section 12900 et seq. (FEHA), in that Defendant regularly employs five or more employees.

7.    Plaintiff is ignorant of the true names and capacities of Defendants sued herein as DOES 1 through 100, inclusive, and therefore sues these Defendants by such fictitious names pursuant to California Code of Civil Procedure Section 474. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named Defendants are maliciously, intentionally, willfully, and/or negligently responsible in some manner for the occurrences herein alleged and that their acts and omissions proximately caused the herein described injuries and damages to Plaintiff and in taking the actions was acting within the course and scope of his or her authority as an agent, servant, partner, employee, and/or supervisor with the permission and consent of the co-Defendants.  Accordingly,

SUDANO LAW FIRM
ATTORNEY AT LAW
1990 N. California Blvd., 8th Floor-Suite 830, Walnut Creek, CA 94596

1  Plaintiff prays for leave to amend this Complaint to set forth true names and capacities when the same

2  have been ascertained.

3  8.      Plaintiff is informed and believes and thereon alleges that Defendants DOES 1 through 100, and

4  each of them, were agents, servants, employees and/or joint venturers of each of the other Defendants

5  were at all times acting within the course and scope of said agency, employment and/or joint venture

6  and each of the Defendants have knowingly accepted and ratified the acts and omissions of each of the

7  other Defendants and are responsible in some manner for the acts herein alleged. Plaintiff is further

8  informed and believes and thereon alleges that Defendants herein authorized and consented to the acts

9  alleged herein to the remaining Defendants.

## IV.
## GENERAL ALLEGATIONS

9.      Plaintiff began working at WALMART, INC. in 1995 as an overnight stocker at the Union City

Walmart Stores.

10.     After numerous promotions, Plaintiff became the ASM in the Oakland, California Walmart in

2001.

11.     Plaintiff transferred to the Martinez Walmart Store in approximately 2003 or 2004 under Store

Manager Marco Campbell.

12.     When Michael Phillips became Plaintiff's manager, he would make numerous comments about

her concerning gender and sexual orientation, as well as comments that showed animus towards

African Americans and older workers.

13.     Michael Phillips referred to her as an "Oompa Loompa", would tell her that she reminded her of

"Daddy" on "Orange is the New Black", would send texts of African-American babies in diapers with

the caption "Thuggies", referred to two CSMs as "a waste of white skin", made a comment directed

towards her that "real men have dicks", and that "there is just no femininity with her".

14.     Michael Phillips had told an CSM in her 60s that he promoted a younger female employee in her

20s over her because the younger employees had a technological advantage over the older employee

and the younger employees were smarter than older employees.

15.     In addition to having bias based on these protected characteristics, he also favored employees

SUDANO LAW FIRM
ATTORNEY AT LAW
1990 N. California Blvd., 8ᵗʰ Floor- Suite 830, Walnut Creek, CA 94596

1    that were under 40 and/or females that participated in a flirtation and/or sexual conduct with Michael

2    Phillips.

3    16.    One ASM that was given particular favor was Olga. Olga was under 40 years old and would

4    frequently flirting with Michael Phillips and based on information and belief, engaged in a sexual

5    relationship with him.

6    17.    Olga was allowed to violate numerous policies and receive benefits other ASMs would not

7    because they would not flirt or engage in sexual conduct with Michael Phillips.

8    18.    Olga frequently violated the dress code by wearing miniskirts, leggings, tank tops, and tight

9    clothes that were against Walmart company policy without reprimand. Had Plaintiff engaged in the

10   conduct, she would have been reprimanded.

11   19.    Olga's schedule was 8-5, but she was allowed to show up at an hour or two late without

12   reprimand. Had Plaintiff engaged in the conduct, she would have been reprimanded.

13   20.    Olga could change her days off, her hours, and choose which department she would work.

14   Plaintiff was not allowed to do so.

15   21.    Michael Phillips told Olga he would protect her job and do everything in his power to make sure

16   that she would be promoted. Plaintiff was not provided any protection and was targeted for

17   termination.

18   22.    On February 26, 2020, Plaintiff was terminated by her new Store Manager Beau. He terminated

19   Plaintiff but informed her the decision was made before he came on and he had no choice in it.

20   23.

21   24.    Plaintiff was terminated from her employment at WALMART, INC. because of her age, gender,

22   race, and/or sexual orientation.

23   25.    Other ASMs who had departments that did not perform as well were evaluated as Solid

24   Performers and allowed to stay.

25   26.    Defendant had a policy and/or procedure that incentivized and/or directed store managers to

26   terminate older workers that had higher salaries by setting guidelines that determined both the number

27   of ASMs per store, as well as putting forth budget restraints that resulting in an adverse impact on

28   older workers as a group.

SUDANO LAW FIRM
ATTORNEY AT LAW
1990 N. California Blvd., 8th Floor- Suite 830, Walnut Creek, CA 94596

4

27. ASMs that had been at WALMART, INC. the longest earned more money than younger workers with lower salaries and the focus on profits encouraged and/or directed Store Managers to terminate the older workers that had been employed the longest.

28. Of all the long-term employees over 40 that were terminated, a disproportionate number were women, despite the male ASMs not performing any better, and in some cases, worse than the female ASMs that were terminated.

29. Plaintiff is homosexual, a woman, and African American, and was over 40-years old at the time of the adverse employment actions and harassment.

## V.
## FIRST CAUSE OF ACTION
## DISCRIMINATION BASED ON RACE
### (Government Code § 12940(a))
By Plaintiff BRIDGETTE HANEY Against Defendant WALMART, INC.
and DOES 1 through 100

30. Plaintiff incorporates all previous paragraphs as if set forth herein in their entirety.

31. Defendants' discriminatory actions against Plaintiff, as alleged above, constituted unlawful discrimination in employment because of race in violation of Government Code Section 12940 et seq.

32. As a proximate result of Defendants' discriminatory actions against Plaintiff, as alleged above, Plaintiff has been harmed in that Plaintiff has suffered the loss of the wages, benefits, retirement and additional amounts of money Plaintiff would have received if her employment continued, including, but not limited to, raises, disability pay, and bonuses. As a result of such discrimination and consequent harm, Plaintiff has suffered such damages in an amount according to proof.

33. As a further proximate result of Defendants' discriminatory actions against Plaintiff, as alleged above, Plaintiff has been harmed in that Plaintiffs have suffered humiliation, mental anguish, emotional and physical distress, and have been injured in mind. As a result of such discrimination and consequent harm, Plaintiff has suffered such damages in an amount according to proof.

34. The above-recited actions of Defendants were done with malice, fraud, or oppression, and in conscious and reckless disregard of Plaintiff's rights under the FEHA and were ratified by managing agents.

////

SUDANO LAW FIRM
ATTORNEY AT LAW
1990 N. California Blvd., 8th Floor- Suite 830, Walnut Creek, CA 94596

<div style="text-align: center">

**VI.**
**SECOND CAUSE OF ACTION**
**DISCRIMINATION BASED ON SEXUAL ORIENTATION**
**(Government Code § 12940(a))**
By Plaintiff BRIDGETTE HANEY Against Defendant WALMART, INC.
and DOES 1 through 100

</div>

35.   Plaintiff incorporates all previous paragraphs as if set forth herein in their entirety.

36.   Defendants' discriminatory actions against Plaintiff, as alleged above, constituted unlawful discrimination in employment because of sexual orientation in violation of Government Code Section 12940 et seq.

37.   As a proximate result of Defendants' discriminatory actions against Plaintiff, as alleged above, Plaintiff has been harmed in that Plaintiff has suffered the loss of the wages, benefits, retirement and additional amounts of money Plaintiff would have received if her employment continued, including, but not limited to, raises, disability pay, and bonuses. As a result of such discrimination and consequent harm, Plaintiff has suffered such damages in an amount according to proof.

38.   As a further proximate result of Defendants' discriminatory actions against Plaintiff, as alleged above, Plaintiff has been harmed in that Plaintiffs have suffered humiliation, mental anguish, emotional and physical distress, and have been injured in mind. As a result of such discrimination and consequent harm, Plaintiff has suffered such damages in an amount according to proof.

39.   The above-recited actions of Defendants were done with malice, fraud, or oppression, and in conscious and reckless disregard of Plaintiff's rights under the FEHA and were ratified by managing agents.

<div style="text-align: center">

**VII.**
**THIRD CAUSE OF ACTION**
**DISCRIMINATION BASED ON GENDER**
**(Government Code § 12940(a))**
By Plaintiff BRIDGETTE HANEY Against Defendant WALMART, INC.
and DOES 1 through 100

</div>

40.   Plaintiffs incorporates all previous paragraphs as if set forth herein in their entirety.

41.   Defendants' discriminatory actions against Plaintiffs, as alleged above, constituted unlawful discrimination in employment because of gender in violation of Government Code Section 12940 et seq.

<div style="text-align: center">

6

</div>

<div style="writing-mode: vertical">

SUDANO LAW FIRM
ATTORNEY AT LAW
1990 N. California Blvd., 8th Floor- Suite 830, Walnut Creek, CA 94596

</div>

42.   As a proximate result of Defendants' discriminatory actions against Plaintiff, as alleged above, Plaintiffs have been harmed in that Plaintiffs has suffered the loss of the wages, benefits, retirement and additional amounts of money Plaintiffs would have received if her employment continued, including, but not limited to, raises, disability pay, and bonuses. As a result of such discrimination and consequent harm, Plaintiffs have suffered such damages in an amount according to proof.

43.   As a further proximate result of Defendants' discriminatory actions against Plaintiffs, as alleged above, Plaintiffs have been harmed in that Plaintiffs have suffered humiliation, mental anguish, emotional and physical distress, and have been injured in mind. As a result of such discrimination and consequent harm, Plaintiff have suffered such damages in an amount according to proof.

44.   The above-recited actions of Defendants were done with malice, fraud, or oppression, and in conscious and reckless disregard of Plaintiff's rights under the FEHA and were ratified by managing agents.

SUDANO LAW FIRM
ATTORNEY AT LAW
1990 N. California Blvd., 8ᵗʰ Floor- Suite 830, Walnut Creek, CA 94596

## VIII.
### FOURTH CAUSE OF ACTION
### DISCRIMINATION BASED ON AGE
### (Government Code § 12940(a))
By Plaintiff BRIDGETTE HANEY Against Defendant WALMART, INC.
and DOES 1 through 100

45.   Plaintiffs incorporates all previous paragraphs as if set forth herein in their entirety.

46.   Defendants' discriminatory actions against Plaintiffss, as alleged above, constituted unlawful discrimination in employment because of age in violation of Government Code Section 12940 et seq.

47.   As a proximate result of Defendants' discriminatory actions against Plaintiff, as alleged above, Plaintiffs have been harmed in that Plaintiffs has suffered the loss of the wages, benefits, retirement and additional amounts of money Plaintiffs would have received if her employment continued, including, but not limited to, raises, disability pay, and bonuses. As a result of such discrimination and consequent harm, Plaintiffs have suffered such damages in an amount according to proof.

48.   As a further proximate result of Defendants' discriminatory actions against Plaintiffs, as alleged above, Plaintiffs have been harmed in that Plaintiffs have suffered humiliation, mental anguish, emotional and physical distress, and have been injured in mind. As a result of such discrimination and consequent harm, Plaintiff have suffered such damages in an amount according to proof.

49.   The above-recited actions of Defendants were done with malice, fraud, or oppression, and in conscious and reckless disregard of Plaintiff's rights under the FEHA and were ratified by managing agents.

## IX.
### FIFTH CAUSE OF ACTION
### HOSTILE WORK ENVIRONMENT HARASSMENT
(Government Code § 12940(j))
By Plaintiff Against Defendants
and DOES 1 through 100

50.   Plaintiffs incorporate all previous paragraphs as if set forth herein in their entirety.

51.   Pursuant to Government Code § 12923(a), the Legislature has declared that purpose of the laws concerning harassment under the DFEH are to provide all Californians with an equal opportunity to succeed in the workplace and should be applied accordingly by the courts.

52.   The Legislature further declared that harassment creates a hostile, offensive, oppressive, or intimidating work environment and deprives victims of their statutory right to work in a place free of discrimination when the harassing conduct sufficiently offends, humiliates, distresses, or intrudes upon its victim, so as to disrupt the victim's emotional tranquility in the workplace, affect the victim's ability to perform the job as usual, or otherwise interfere with and undermine the victim's personal sense of well-being.

53.   To affect this purpose, the Legislature affirmed its approval of the standard set forth by Justice Ruth Bader Ginsburg in her concurrence in Harris v. Forklift Systems (1993) 510 U.S. 17 that in a workplace harassment suit "the plaintiff need not prove that his or her tangible productivity has declined as a result of the harassment. It suffices to prove that a reasonable person subjected to the discriminatory conduct would find, as the plaintiff did, that the harassment so altered working conditions as to make it more difficult to do the job." (Id. at 26).

54.   Under Government Code § 12923(b) the Legislature declared, "A single incident of harassing conduct is sufficient to create a triable issue regarding the existence of a hostile work environment if the harassing conduct has unreasonably interfered with the plaintiff's work performance or created an intimidating, hostile, or offensive working environment. In that regard, the Legislature hereby declares its rejection of the United States Court of Appeals for the 9th Circuit's opinion in Brooks v. City of

SUDANO LAW FIRM
ATTORNEY AT LAW
1990 N. California Blvd., 8ᵗʰ Floor- Suite 830, Walnut Creek, CA 94596

1   San Mateo (2000) 229 F.3d 917 and states that the opinion shall not be used in determining what kind

2   of conduct is sufficiently severe or pervasive to constitute a violation of the California Fair

3   Employment and Housing Act."

4   55.   Pursuant to 12923(c) the Legislature declared that "the existence of a hostile work environment

5   depends upon the totality of the circumstances and a discriminatory remark, even if not made directly

6   in the context of an employment decision or uttered by a nondecisionmaker, may be relevant,

7   circumstantial evidence of discrimination." The Legislature further affirmed the decision in Reid v.

8   Google, Inc. (2010) 50 Cal.4th 512 in its rejection of the "stray remarks doctrine."

9   56.   Pursuant to 12923(e) the Legislature declared that harassment cases are rarely appropriate for

10   disposition on summary judgment, affirming Nazir v. United Airlines, Inc. (2009) 178 Cal.App.4th

11   243 and its observation that hostile working environment cases involve issues "not determinable on

12   paper."

13   57.   Defendants' harassing actions against Plaintiff based on race, gender, sexual orientation, and/or

14   age, as alleged above, constituted unlawful harassment under the FEHA as Defendants were harassing

15   Plaintiff because of one or more of these protected characteristics.

16   58.   The harassing conduct was severe and/or pervasive in that it made Plaintiff's job more difficult

17   to perform.

18   59.   The individual acts complained of herein unreasonably interfered with the Plaintiff's work

19   performance and created an intimidating, hostile, and offensive working environment.

20   60.   A reasonable person in Plaintiff's circumstances would have considered the work environment to

21   be intimidating, hostile, abusive and/or offensive, as Plaintiff did.

22   61.   Plaintiff's supervisors engaged in harassing conduct.

23   62.   As a proximate result of the harassing actions against Plaintiff, as alleged above, Plaintiff have

24   been harmed in that Plaintiff suffered humiliation, mental anguish, emotional and physical distress,

25   and have been injured in mind. As a result of such harassment and consequent harm, Plaintiff has

26   suffered such damages in an amount according to proof.

27   63.   The above-recited actions of Defendants were done with malice, fraud, or oppression, and in

28   reckless disregard of Plaintiff's rights under the FEHA.

SUDANO LAW FIRM
ATTORNEY AT LAW
1990 N. California Blvd., 8ᵗʰ Floor- Suite 830, Walnut Creek, CA 94596

9

**X.**
**SIXTH CAUSE OF ACTION**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
By Plaintiff Against Defendant
and DOES 1 through 100

64.   Plaintiff hereby incorporate all previous paragraphs as if set forth in their entirety herein.

65.   Makalita Toki, Michael Phillips, Ed Pettigrew, and/or Defendants abused their positions to intentionally discriminate and ultimately terminate Plaintiff.

66.   As alleged in this complaint, their actions were knowing, intentional, and willful and done with a reckless disregard of the probability of causing plaintiff emotional distress while in the scope of their employment with Defendant.

67.   As a proximate result of defendants' conduct, as alleged in this compliant, Plaintiff suffered extreme mental anguish and emotional distress, all to her general damages.

68.   In failing to correct the defects at all despite Plaintiff's numerous requests to do so as alleged in this complaint, Defendants' conduct was malicious and oppressive, in that it was conduct carried on by the Defendants in willful and conscious disregard of Plaintiff's rights and subjected Plaintiff to cruel and unjust hardship.  Plaintiff is therefore entitled to recover punitive damages.

**XI.**
**SEVENTH CAUSE OF ACTION**
**WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY**
By Plaintiff against Defendant
and DOES 1 through 100

69.   Plaintiff incorporates all previous paragraphs as though fully set forth herein.

70.   Defendants terminated Plaintiff because of her gender and/or age.

71.   As a proximate result of defendants' wrongful termination in violation of public policy, as alleged above, Plaintiff has been harmed in that Plaintiff has suffered the loss of the wages, benefits, and additional amounts of money Plaintiff would have received if his employment continued, including, but not limited to, raises.  As a result of such discrimination and consequent harm, Plaintiff has suffered such damages in an amount according to proof.

72.   As a further proximate result of defendant's wrongful termination in violation of public policy, as alleged above, Plaintiff has been harmed in that Plaintiff has suffered humiliation, mental anguish, and emotional and physical distress, and has been injured in mind.  As a result of such discrimination

SUDANO LAW FIRM
ATTORNEY AT LAW
1990 N. California Blvd., 8ᵗʰ Floor· Suite 830, Walnut Creek, CA 94596

1  and consequent harm, Plaintiff has suffered such damages in an amount according to proof.

2  73.  The above-recited actions of defendants were done with malice, fraud, or oppression, and in

3  reckless disregard of Plaintiff's rights by a managing agent of Defendants, ratified by Defendants,

4  and/or part of a pattern and practice by Defendants.

### XII.
### EIGHTH CAUSE OF ACTION
### FAILURE TO PREVENT DISCRIMINATION and HARASSMENT
(Gov. Code §§ 12940(j) and (k))
By Plaintiff Against Defendant
and DOES 1 through 100

1.  Plaintiff incorporates all previous paragraphs as if set forth herein in their entirety.

2.  Defendants failed to take all reasonable steps to prevent discrimination and harassment.

3.  As a proximate result of Defendants' failure to prevent discrimination, harassment and retaliation as alleged above, Plaintiff has been harmed in that Plaintiff has suffered the loss of the wages, benefits, retirement and additional amounts of money Plaintiff would have received if their employment continued, including, but not limited to, raises, disability pay, and bonuses. As a result of such failure to prevent discrimination and consequent harm, Plaintiff has suffered such damages in an amount according to proof.

4.  As a further proximate result of Defendants' failure to prevent discrimination, harassment and retaliation as alleged above, Plaintiff has been harmed in that Plaintiff has suffered humiliation, mental anguish, emotional and physical distress, and have been injured in mind.  As a result of such failure to prevent discrimination and consequent harm, Plaintiff has suffered such damages in an amount according to proof.

5.  The above-recited actions of Defendants were done with malice, fraud, or oppression, and in reckless disregard of Plaintiff's rights under the FEHA.

### XIII.
### JURY DEMANDED

Plaintiff demand a jury trial for all causes of action.

WHEREFORE, Plaintiff prays for judgment as follows:

74.  For general damages according to proof;

75.  For past and future medical expenses;

SUDANO LAW FIRM
ATTORNEY AT LAW
1990 N. California Blvd., 8th Floor- Suite 830, Walnut Creek, CA 94596

76. For punitive damages in an amount appropriate to punish Defendants for their wrongful conduct and set an example for others;

77. For prejudgment interest on the sum of damages awarded;

78. For reasonable attorney's fees pursuant to Code of Civil Procedure Section 1021.5 and Government Code Section 12965(b);

79. For costs of suit herein incurred;

80. For prejudgment interest on the sum of damages awarded;

81. For such other and further relief as the court deems proper.

Dated: February 3, 2021                                    SUDANO LAW FIRM


By: _____
      BRIAN D. SUDANO, Esq.
      Attorney for Plaintiffs

SUPERIOR COURT - MARTI. ⊿
COUNTY OF CONTRA COSTA
MARTINEZ, CA, 94553

HANEY VS WALMART, INC.

NOTICE OF CASE MANAGEMENT CONFERENCE               CIVMSC21-00175

1.  NOTICE: THE CASE MANAGEMENT CONFERENCE HAS BEEN SCHEDULED FOR:

DATE:  06/29/21      DEPT:  21      TIME:  8:30

THIS FORM, A COPY OF THE NOTICE TO DEFENDANTS, THE ADR INFORMATION
SHEET, A BLANK CASE MANAGEMENT CONFERENCE QUESTIONNAIRE, AND A BLANK
STIPULATION FORM ARE TO BE SERVED ON OPPOSING PARTIES.  ALL PARTIES
SERVED WITH SUMMONS AND COMPLAINT/CROSS-COMPLAINT OR THEIR ATTORNEY
OF RECORD MUST APPEAR.

2.  You may stipulate to an earlier Case Management Conference.  If
all parties agree to an early Case Management Conference, please
contact the Court Clerk's Office at (925)608-1000 for Unlimited Civil
and Limited Civil cases for assignment of an earlier date.

3.  You must be familiar with the case and be fully prepared to par-
ticipate effectively in the Case Management Conference and to discuss
the suitability of this case for the EASE Program, private mediation,
binding or non-binding arbitration, and/or use of a Special Master.

4.  At any Case Management Conference the court may make pretrial
orders including the following:

    a.  an order establishing a discovery schedule
    b.  an order referring the case to arbitration
    c.  an order transferring the case to limited jurisdiction
    d.  an order dismissing fictitious defendants
    e.  an order scheduling exchange of expert witness information
    f.  an order setting subsequent conference and the trial date
    g.  an order consolidating cases
    h.  an order severing trial of cross-complaints or bifurcating
        issues
    i.  an order determining when demurrers and motions will be filed

                            SANCTIONS
If you do not file the Case Management Conference Questionnaire or
attend the Case Management Conference or participate effectively in
the Conference, the court may impose sanctions (including dismissal of
the case and payment of money).

        Clerk of the Superior Court of Contra Costa County
I declare under penalty of perjury that I am not a party to this
action, and that I delivered or mailed a copy of this notice to the
person representing the plaintiff/cross-complainant.

Dated:  02/10/21

                            K. VAQUERANO
                            Deputy Clerk of the Court

*Superior Court of California, County of Contra Costa*

# <u>UNLIMITED</u> JURISDICTION
# Civil Actions
# PACKET

### <u>What you will find in this packet</u>:

- **Interpreter Request** (MC-300e&s)

- **Notice To Plaintiffs** (CV-655a-INFO)

- **Notice To Defendants** (CV-655d-INFO)

- **ADR Case Management Stipulation and Order** (CV-655b)

- **Case Management Statement** (CM-110)

- **Alternative Dispute Resolution (ADR) Information** (CV-655c-INFO)

*You Can Get Court Forms FREE at:  www.cc-courts.org/forms*

## Superior Court of California, County of Contra Costa

### <u>Interpreter Request</u>

If you need an interpreter, please complete the form below and submit it to any Filing Window or courtroom.

Case Number: _____

**Case Type:**

☐ Criminal                                    ☐ Small Claims – ($10,000 or less)

☐ Traffic                                     ☐ Civil - ☐ $25,000  ☐ over $25,000

☐ Civil Harassment                            ☐ Civil – Other _____

☐ Conservatorship                             ☐ Family Law

☐ Proceedings to terminate parental rights    ☐ Unlawful Detainer

☐ Dependent Adult Abuse                       ☐ Guardianship

☐ Juvenile                                    ☐ Elder Abuse

Party Requesting Interpreter: _____

Is interpreter for a witness?   ☐ Yes  ☐ No

Phone Number(s) where party can be reached: _____

Date of Hearing: _____   Time of Hearing: _____

Department: _____  Location: ☐ Martinez  ☐ Pittsburg  ☐ Richmond  ☐ Walnut Creek

Language Needed:  ☐ Spanish  ☐ Mandarin  ☐ Cantonese  ☐ Vietnamese

☐ Other: _____

To avoid the risk that your hearing will have to be postponed, please submit this form a minimum of one week in advance.

Current information about this program is available at our website:
www.cc-courts.org/interpreter

# Superior Court of California, County of Contra Costa

## Solicitud Para Intérprete

Si necesita un intérprete, favor completar este formulario y presentarlo en cualquier ventanilla para archivar documentos o con la secretaria del tribunal.

Número de Caso:_____

**Tipo de Caso:**

- ☐ Criminal
- ☐ Tráfico
- ☐ Acoso Civil
- ☐ Conservador
- ☐ Casos para Terminar Derechos de Madre o Padre
- ☐ Abuso de Adultos Incapacitados
- ☐ Tribual de Menores

- ☐ Demanda Civil – ($10,000 o menos)
- ☐ Demanda Civil -
  - ☐ $25,000  ☐ más de $25,000
- ☐ Civil – otro tipo _____
- ☐ Casos de Familia
- ☐ Juicio de Desalojo
- ☐ Tutela
- ☐ Abuso de Personas Mayores

Persona que Necesita Intérprete: _____

☐ Marque aquí si esta persona es un testigo

Número Telefónico: _____

Fecha de la Audiencia Judicial: _____   Hora: _____

Departamento: _____ Ciudad: ☐ Martinez ☐ Pittsburg ☐ Richmond ☐ Walnut Creek

Idioma Solicitado:   ☐ Español ☐ Mandarín ☐ Cantonés ☐ Vietnamita

☐ Otro Idioma: _____

Para evitar la posibilidad que su audiencia sea aplazada, favor the presentar este formulario al menos una semana antes de la fecha de su audiencia.

Información actualizada acerca de este servicio se encuentra en nuestra página web: www.cc-courts.org/interpreter

MC-300e&s Rev. 1/24/18

**Superior Court of California, County of Contra Costa**

# NOTICE TO PLAINTIFFS
In <u>Unlimited Jurisdiction</u> Civil Actions

## AFTER YOU FILE YOUR COURT CASE:

1. **Have the forms the clerk gives you served on <u>all</u> defendants in this case:**
   a. The Complaint
   b. The Summons
   c. The Notice of Case Management Conference (shows hearing date and time)
   d. The Notice to Defendants  (Local Court Form CV-655d-INFO)
   e. <u>Blank</u>: Case Management Statement (Judicial Council Form CM-110)
   f. <u>Blank</u>: Stipulation and Order to Attend ADR and Delay First Case Management Conference 90 Days  (Local Court Form CV-655b)
   g. Alternative Dispute Resolution (ADR) Information (Local Court Form CV-655c-INFO)

2. Within 60 days of the date you filed the complaint **you must prove that the forms have been served on (delivered to) the defendants correctly** by filing the ***Proof of Service*** form (POS-010) (completed by the person who did the service) with the court.

3. **Go to the case management conference on the date indicated on** <u>The Notice of Case Management Conference.</u>

4. **Consider using mediation, arbitration, or neutral case evaluation (ADR) to resolve the dispute.** All parties must answer questions about ADR on the *Case Management Statement* form. For more information, see the enclosed ADR information, visit <u>www.cc-courts.org/adr</u>, or email <u>adrweb@contracosta.courts.ca.gov</u>

5. **You may delay the first case management conference while you try to resolve the dispute in ADR.** If all parties agree to use ADR, complete and file the <u>Stipulation and Order to Attend ADR and Continue First Case Management Conference 90 Days</u> form to tell the court you want to use this option.

All civil actions *(except juvenile, probate, family, unlawful detainer, extraordinary writ, and asset forfeiture[1])* and personal injury cases where a party is claiming damages[2] must meet the Civil Trial Delay Reduction time limits for filing documents and moving their cases forward. These time limits are listed in California Rule of Court 3.110 and Local Court Rules; Title Three. If parties miss these deadlines, a judge might issue an order (*Order to Show Cause*) for them to explain in court why they should not have to pay a fine or have their case dismissed.

### VIEW LOCAL COURT RULES AT: (WWW.CC-COURTS.ORG/RULES)

---

*[1] Health and Safety Code §11470 et seq.*
*[2] Including claims for emotional distress and/or wrongful death.*

## Superior Court of California, County of Contra Costa

# NOTICE TO DEFENDANTS
### In Unlimited Jurisdiction Civil Actions

**YOU ARE BEING SUED.**  The packet you have been served should contain:

    a.    The Summons

    b.    The Complaint

    c.    The Notice of Case Management (shows hearing date and time)

    d.    Blank: Case Management Statement (Judicial Council Form CM-110)

    e.    Blank: Stipulation and Order to Attend ADR and Delay First Case Management Conference 90 Days (Local Court Form CV-655b)

    f.    Alternative Dispute Resolution (ADR) Information  (Local Court Form CV-655c-INFO)

---

 **WHAT DO I DO NOW?** 

**You must:**

1. **Prepare your response**   YOU COULD LOSE YOUR CASE—even before it is heard by a judge or before you can defend yourself, if you do not prepare and file a response on time. See the other side of this page for types of responses you can prepare.

2. **Complete the *Case Management Statement*  (CM-110)**

3. **File and serve your court papers on time**   Once your court forms are complete, you must file 1 original and 2 copies of the forms at court. An adult who is NOT involved in your case must serve one set of forms on the Plaintiff. If you were served in person you must file your response in 30 days. If the server left a copy of the papers with an adult living at your home or an adult in charge at your work or you received a copy by mail you must file your response in 40 days.

4. **Prove you served your court papers on time**   by having your server complete a *Proof of Service, (Judicial Council form POS-040)*, that must be filed at the court within 60 days.

5. **Go to court** on the date and time given in the *Notice of Case Management Conference*.

6. **Consider trying to settle your case before trial**   If you and the other party to the case can agree to use mediation, arbitration or neutral case evaluation, the *Stipulation and Order to Attend ADR and Delay First Case Management Conference 90 Days* can be filed with your other papers.  For more information read the enclosed ADR information, visit www.cc-courts.org/adr, or email adrweb@contracosta.courts.ca.gov.

**IMPORTANT! The court recommends consulting an attorney for all or part of your case.  While you may represent yourself, lawsuits can be complicated, and the court cannot give you legal advice.**

---

**COURT FEES:**  You must pay court fees the first time you file your papers.  If you also file a motion, you must pay another fee.  If you cannot afford the fees, you may ask the court to waive (allow you not to pay) fees. Use Judicial Council forms FW-001-INFO [information sheet]; FW-001 [application]; and FW-003 [order].

**COURT FORMS:**  Buy forms at the Law Library (1020 Ward Street, Martinez, CA) or download them for free at: www.courtinfo.ca.gov/forms/

## WHAT KIND OF RESPONSES CAN I FILE?

1.  If you disagree with some or all of what the plaintiff says in the complaint because you believe, or know it is not true, you can file an <u>ANSWER</u>.
2.  If you have a claim in the same case against the plaintiff, you may file a <u>CROSS-COMPLAINT</u>.
3.  If you want to ask the court to do something on your behalf, you may file a <u>MOTION</u> *(See TYPES OF MOTIONS below)*

## HOW DO I PREPARE AN ANSWER?

There are two kinds of Answers you can use, depending on whether the Complaint was verified. You can tell if a Complaint is verified because it says "Verified Complaint" and/or has a signed oath on the last page.

**For complaints that are NOT verified:**

> Use Judicial Council form PLD-050 – General Denial

**For complaints that ARE verified:**

> a.  For personal injury, property damage, and wrongful death claims, use Judicial Council PLD-PI-003 (do <u>not</u> check number 2).
>
> b.  For contract claims, use Judicial Council PLD-C-010 (do <u>not</u> check number 3a).
>
> c.  Be sure to deny <u>every</u> claim with which you disagree. For example, you might write: *"I believe, or know, that the information in paragraph #__ is untrue/incorrect."* Continue your list until you have addressed each paragraph in the Complaint.

**NOTE:** The Judicial Council Answer forms have spaces for your affirmative defenses. Be sure to include them or you may not be able to use them later. To find out what your affirmative defenses might be, go to the law library and ask the librarian to help you find the information you need.

**If you want to file a Cross-Complaint, you must do so at the same time you file the Answer.**

> a.  For a personal injury, property damage, and/or wrongful death Cross-Complaint, use Judicial Council form PLD-PI-002.
>
> b.  For a contract Cross-Complaint, use Judicial Council PLD-C-001.

## TYPES OF MOTIONS

Written motions are documents that ask the court to do something. You may have to file an *Answer* at the same time. At this point in the case, you can only make Motions from the following list:

1.  <u>Demurrer</u>  *(the facts stated in the complaint are wrong, or the deadline to file the lawsuit has passed)*;
2.  <u>Motion to Strike</u>  *(the complaint is unclear; does not follow the law, "doesn't matter", etc.)*;
3.  <u>Motion to Transfer</u> *(the complaint is in the wrong court or there's a more appropriate court)*;
4.  <u>Motion to Quash Service of Summons</u>  *(you were not legally served)*;
5.  <u>Motion to Stay</u>  *(put the case on hold)*; or
6.  <u>Motion to Dismiss</u> *(stops the case)*.

> **NOTE: Motions are very complicated and you may want to hire a lawyer to help you.**

## WHERE CAN I GET MORE HELP?

- **Lawyer Referral Service**:   (925) 825-5700
- **Bay Area Legal Aid:**   (800) 551-5554
- **Contra Costa County Law Library**        Martinez:  (925) 646- 2783        Richmond:  (510) 374-3019
- **Ask the Law Librarian:**     www.247ref.org/portal/access_law3.cfm

# SUPERIOR COURT OF THE STATE OF CALIFORNIA
# IN AND FOR THE COUNTY OF CONTRA COSTA

_____

_____
Plaintiff(s) / Cross Plaintiff(s)

vs.

_____

_____
Defendant(s) / Cross Defendant(s)

### *ADR Case Management Stipulation and Order*
### *(Unlimited Jurisdiction Civil Cases)*

CASE NO: _____

---

► ALL PARTIES STIPULATING TO ADR AND DELAYING THEIR CASE MANAGEMENT CONFERENCE 90 DAYS MUST **SUBMIT THE ORDER FOR THE JUDGE'S SIGNATURE AND FILE THIS FORM AT LEAST 15 DAYS BEFORE THEIR CASE MANAGEMENT CONFERENCE.** (NOT AVAILABLE IN COMPLEX LITIGATION CASES.)

► PARTIES MUST ALSO **SEND A COPY OF THIS <u>FILED</u> STIPULATION AND ORDER TO THE ADR OFFICE**: EMAIL adrweb@contracosta.courts.ca.gov  FAX: (925) 608-2109  MAIL: P.O. BOX 911, MARTINEZ, CA 94553

---

**Counsel and all parties agree to delay their case management conference 90 days to attend ADR and complete pre-ADR discovery as follows:**

1. <u>Selection and scheduling for Alternative Dispute Resolution (ADR)</u>:
   a. The parties have agreed to ADR as follows:
      i. ❑ Mediation  (❑ Court-connected ❑ Private)
      ii. ❑ Arbitration  (❑ Judicial Arbitration (non-binding)  ❑ Private (non-binding)  ❑ Private (binding))
      iii. ❑ Neutral case evaluation
   b. The ADR neutral shall be selected by *(date):* _____ *(no more than 14 days after filing this form)*
   c. ADR shall be completed by *(date):* _____ *(no more than 90 days after filing this form)*
2. <u>The parties will complete the following discovery plan</u>:
   a. ❑ Written discovery:  (❑ Additional page(s) attached)
      i. ❑ Interrogatories to:
      ii. ❑ Request for Production of Documents to:
      iii. ❑ Request for Admissions to:
      iv. ❑ Independent Medical Evaluation of:
      v. ❑ Other:
   b. ❑ Deposition of the following parties or witnesses: (❑ Additional page(s) attached)
      i. _____
      ii. _____
      iii. _____
   c. ❑ No Pre-ADR discovery needed
3. The parties also agree: _____

4. Counsel and self-represented parties represent they are familiar with and will fully comply with all local court rules related to ADR as provided in Title Three; Chapter 5, <u>will pay the fees associated with these services</u>, and understand that if they do not, without good cause, comply with this stipulation and all relevant local court rules, they may be subject to sanctions.

| Counsel for Plaintiff *(print)* | Fax | Counsel for Defendant *(print)* | Fax |
|---|---|---|---|
| Signature | | Signature | |
| Counsel for Plaintiff *(print)* | Fax | Counsel for Defendant *(print)* | Fax |
| Signature | | Signature | |

---

Pursuant to the Stipulation of the parties, and subject to the *Case Management Order* to be filed, **IT IS SO ORDERED** that the Case Management Conference set for _____ is vacated and rescheduled for _____ at (8:30 a.m. / _____ ) **Plaintiff / Plaintiff's counsel must notify all parties of the new case management conference.**

Dated: _____        _____
                                                                          **Judge of the Superior Court**

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | *FOR COURT USE ONLY* |
|---|---|
| TELEPHONE NO.:                FAX NO. *(Optional):* <br> E-MAIL ADDRESS *(Optional):* <br> ATTORNEY FOR *(Name):* | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF**
STREET ADDRESS:
MAILING ADDRESS:
CITY AND ZIP CODE:
BRANCH NAME:

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| **CASE MANAGEMENT STATEMENT** <br><br> *(Check one):* ☐ **UNLIMITED CASE** ☐ **LIMITED CASE** <br> (Amount demanded exceeds $25,000) (Amount demanded is $25,000 or less) | CASE NUMBER: |
|---|---|

A **CASE MANAGEMENT CONFERENCE** is scheduled as follows:

Date:                Time:                Dept.:                Div.:                Room:

Address of court *(if different from the address above):*

☐ **Notice of Intent to Appear by Telephone,  by** *(name):*

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one):*
   a. ☐ This statement is submitted by party *(name):*
   b. ☐ This statement is submitted **jointly** by parties *(names):*


2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date):*
   b. ☐ The cross-complaint, if any, was filed on *(date):*

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☐ All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served *(specify names and explain why not):*

      (2) ☐ have been served but have not appeared and have not been dismissed *(specify names):*

      (3) ☐ have had a default entered against them *(specify names):*

   c. ☐ The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served):*


4. **Description of case**
   a. Type of case in ☐ complaint ☐ cross-complaint     *(Describe, including causes of action):*

Page 1 of 5

**CASE MANAGEMENT STATEMENT**

**CM-110**

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

4.  b.  Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.  **Jury or nonjury trial**
The party or parties request ☐ a jury trial ☐ a nonjury trial.   *(If more than one party, provide the name of each party requesting a jury trial):*

6.  **Trial date**
a.  ☐ The trial has been set for *(date):*
b.  ☐ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

c.  Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7.  **Estimated length of trial**
The party or parties estimate that the trial will take *(check one):*
a.  ☐ days *(specify number):*
b.  ☐ hours (short causes) *(specify):*

8.  **Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial ☐ by the attorney or party listed in the caption ☐ by the following:
a.  Attorney:
b.  Firm:
c.  Address:
d.  Telephone number:                                  f.  Fax number:
e.  E-mail address:                                      g.  Party represented:
☐ Additional representation is described in Attachment 8.

9.  **Preference**
☐ This case is entitled to preference *(specify code section):*

10. **Alternative dispute resolution (ADR)**

a.  **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.

(1)  For parties represented by counsel: Counsel ☐ has ☐ has not   provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.

(2)  For self-represented parties: Party ☐ has ☐ has not  reviewed the ADR information package identified in rule 3.221.

b.  **Referral to judicial arbitration or civil action mediation** (if available).

(1)  ☐ This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.

(2)  ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

(3)  ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

10. c. Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information)*:

| | The party or parties completing this form **are willing** to participate in the following ADR processes *(check all that apply)*: | If the party or parties completing this form in the case **have agreed** to participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation)*: |
|---|---|---|
| (1) Mediation | ▢ | ▢ Mediation session not yet scheduled<br>▢ Mediation session scheduled for *(date)*:<br>▢ Agreed to complete mediation by *(date)*:<br>▢ Mediation completed on *(date)*: |
| (2) Settlement conference | ▢ | ▢ Settlement conference not yet scheduled<br>▢ Settlement conference scheduled for *(date)*:<br>▢ Agreed to complete settlement conference by *(date)*:<br>▢ Settlement conference completed on *(date)*: |
| (3) Neutral evaluation | ▢ | ▢ Neutral evaluation not yet scheduled<br>▢ Neutral evaluation scheduled for *(date)*:<br>▢ Agreed to complete neutral evaluation by *(date)*:<br>▢ Neutral evaluation completed on *(date)*: |
| (4) Nonbinding judicial arbitration | ▢ | ▢ Judicial arbitration not yet scheduled<br>▢ Judicial arbitration scheduled for *(date)*:<br>▢ Agreed to complete judicial arbitration by *(date)*:<br>▢ Judicial arbitration completed on *(date)*: |
| (5) Binding private arbitration | ▢ | ▢ Private arbitration not yet scheduled<br>▢ Private arbitration scheduled for *(date)*:<br>▢ Agreed to complete private arbitration by *(date)*:<br>▢ Private arbitration completed on *(date)*: |
| (6) Other *(specify)*: | ▢ | ▢ ADR session not yet scheduled<br>▢ ADR session scheduled for *(date)*:<br>▢ Agreed to complete ADR session by *(date)*:<br>▢ ADR completed on *(date)*: |

CM-110 [Rev. July 1, 2011]

**CASE MANAGEMENT STATEMENT**

Page 3 of 5

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

**11. Insurance**
    a.  ☐ Insurance carrier, if any, for party filing this statement *(name):*
    b.  Reservation of rights:  ☐ Yes  ☐ No
    c.  ☐ Coverage issues will significantly affect resolution of this case *(explain):*

**12. Jurisdiction**
Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.
    ☐ Bankruptcy  ☐ Other *(specify):*
Status:

**13. Related cases, consolidation, and coordination**
    a.  ☐ There are companion, underlying, or related cases.
          (1) Name of case:
          (2) Name of court:
          (3) Case number:
          (4) Status:

        ☐ Additional cases are described in Attachment 13a.
    b.  ☐ A motion to  ☐ consolidate  ☐ coordinate  will be filed by *(name party):*

**14. Bifurcation**
    ☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**15. Other motions**
    ☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

**16. Discovery**
    a.  ☐ The party or parties have completed all discovery.
    b.  ☐ The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
|---|---|---|
| | | |

    c.  ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify):*

**CM-110**

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

**17. Economic litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed (*if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

**18. Other issues**

☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

**19. Meet and confer**

a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

20. Total number of pages attached *(if any):* _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date:

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.



## CONTRA COSTA COUNTY SUPERIOR COURT
## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION

All judges in the Civil Trial Delay Reduction Program agree that parties should consider using Alternative Dispute Resolution (ADR) to settle their cases. To tell the court you will use ADR:

- Choose ADR on the *Case Management Form (*CM-110);
- File a *Stipulation and Order to Attend ADR and Continue First Case Management Conference 90-Days* (local court form); or
- Agree to ADR at your first court appearance.

*Questions?  Email adrweb@contracosta.courts.ca.gov or call (925) 608-2075*

### MEDIATION
Mediation is often faster and less expensive than going to trial. Mediators help people who have a dispute talk about ways they can settle their case. Parties email, fax or visit the ADR Programs office to get a list of mediators. After parties have agreed on a mediator, they must write a summary (5 pages or less) explaining the facts, legal arguments, and legal authority for their position. They must send this summary to the other parties and the mediator at least 5 court days before mediation starts.

ALL parties and attorneys must go to mediation. Mediation can be held whenever and wherever the parties and the mediator want, as long as they finish before the court deadline. In some kinds of court cases, parties have the chance to mediate in the courthouse on their trial day.

Most mediators begin by talking with the parties together, helping them focus on the important issues. The mediator may also meet with each party alone. Mediators often ask parties for their ideas about how to settle the case. Some mediators tell the parties how much money they think a case is worth, or tell them what they think might happen if the case went to trial. Other mediators help the parties decide these things for themselves. No matter what approach a mediator takes, decisions about settling a case can only be made when all the parties agree.

If the parties go through the court ADR program, mediators do not charge fees for the first half hour spent scheduling or preparing for mediation. They also do not charge fees for the first two hours of mediation. If parties need more time, they must pay the mediators regular fees. Some mediators ask for a deposit before mediation starts. Mediators who do this must give back whatever is left after counting the time he or she spent preparing for or doing the mediation. A party whose court fees have been waived (cancelled) may ask if their mediation fees or deposit can be waived.

If parties agree about how they will settle their case, they can choose to keep it private, write it up as a contract, or ask the judge to make it a court order. What parties say and agree to in mediation is confidential (private).

### PRIVATE MEDIATION
Private mediation works in the same way as judicial mediation, but the parties do not go through the ADR Programs office. Parties choose a mediator on their own, and pay the mediator's normal fees.

## JUDICIAL ARBITRATION (non-binding)
In judicial arbitration, an independent attorney (arbitrator) looks at the evidence, listens to the parties and their witnesses, and decides how the case will be settled. Judicial arbitration is less formal than court. Parties email, fax or visit the ADR Programs office to get a list of arbitrators. If they cannot agree on an arbitrator, the court will assign one. The judge can send cases to arbitration if there is less than $50,000 in dispute. The person who started the court case can make sure the case goes to arbitration if they agree to limit the amount they are asking for to $50,000. Parties can also agree they want to use judicial arbitration. The arbitrator must send their decision (award) to the court within 10 days of the last hearing. The award becomes a court judgment unless a party asks the court to review the case within 60 days. Parties must use the ADR-102 form to ask for a new court hearing (called a trial de novo.) Judicial arbitrators charge $150 per case or per day.

## PRIVATE ARBITRATION (non-binding and binding)
Private, non-binding arbitration is the same as judicial arbitration, except that the parties do not go through the ADR Programs office to choose an arbitrator, and the arbitrator's award will not become a judgment of the court unless all parties agree. Parties must pay the arbitrator's normal fees.

Binding arbitration is different from judicial or private non-binding arbitration because the arbitrator's decision is final. Parties give up their right to have a judge review their case later (except for reasons listed in California Code of Civil Procedure, Section 1286.2.) Binding arbitration rules are listed in California Code of Civil Procedure, Sections 1280-1288.8. Parties may also agree any time before the judge has made a decision that ends the case to switch to binding arbitration. Parties choose the arbitrator on their own, and must pay the arbitrator's normal (not $150) fees.

## SETTLEMENT MENTOR CONFERENCE
Settlement mentors are independent, experienced trial attorneys that a judge has assigned to help parties look for ways to settle their case. The conference is free and is held in the courthouse. It is often held on the morning of trial, but it can be scheduled anytime. These conferences usually last two or three hours. Parties do not present evidence and do not call witnesses. Parties can ask the settlement mentor to keep some information confidential (private) from the other party, but not from the judge. The settlement mentor can share any information with the judge, or involve the judge in settlement discussions. All principals, clients, and claims representatives must attend the settlement mentor conference.

## NEUTRAL CASE EVALUATION
In neutral case evaluation, an independent attorney (evaluator) reviews documents and listens to each party's side of the case. The evaluator then tells the parties what they think could happen if the case went to trial. Many people use the evaluator's opinion to reach an agreement on their own, or use this information later in mediation or arbitration to settle their case.

Parties email, fax or visit the ADR Programs office to get a list of evaluators. After parties have agreed on an evaluator, they must write a summary (5 pages or less) explaining the facts, legal arguments, and legal authority for their position. They must send this summary to the other parties and the evaluator at least 5 court days before evaluation starts. ALL parties and their attorneys must go to neutral case evaluation. The evaluation can be held whenever and wherever the parties and the evaluator want, as long as they finish before the court deadline. If the parties go through the court's ADR program, evaluators do not charge any fees for the first half hour spent scheduling or preparing for the evaluation conference. They also do not charge fees for the first two hours of the evaluation. If parties need more time, they must pay that evaluators regular fees. Some evaluators ask for a deposit before evaluation starts. Evaluators who do this must give back whatever is left after counting the time he or she spent preparing for or doing the evaluation. A party whose court fees have been waived (cancelled) may ask if their evaluation fees or deposit can be waived.

**TEMPORARY JUDGE**
Some parties want a trial, but want to choose who will decide the case and when the trial will take place. Parties can agree on an attorney that they want the court to appoint as a temporary judge for their case. (See Article 6, Section 21 of the State Constitution and Rule 2.830 of the California Rules of Court.) Temporary judges have nearly the same authority as a superior court judge to conduct a trial and make decisions. As long as the parties meet the court deadline, they can schedule the trial at their own and the temporary judge's convenience.

Each of the temporary judges on the court's panel has agreed to serve at no charge for up to 5 court days. If the parties need more time, they must pay that person's regular fees. All parties and their lawyers must attend the trial, and provide a copy of all briefs or other court documents to the temporary judge at least two weeks before the trial. These trials are similar to other civil trials, but are usually held outside the court. The temporary judge's decision can be appealed to the superior court. There is no option for a jury trial. The parties must provide their own court reporter.

**SPECIAL MASTER**
A special master is a private lawyer, retired judge, or other expert appointed by the court to help make day-to-day decisions in a court case. The special master's role can vary, but often includes making decisions that help the discovery (information exchange) process go more smoothly. He or she can make decisions about the facts in the case. Special masters can be especially helpful in complex cases. The trial judge defines what the special master can and cannot do in a court order.

Special masters often issue both interim recommendations and a final report to the parties and the court. If a party objects to what the special master decides or reports to the court, that party can ask the judge to review the matter. In general, the parties choose (by stipulation) whom they want the court to appoint as the special master, but there are times (see California Code of Civil Procedure Section 639), when the court may appoint a special master or referee without the parties' agreement. The parties are responsible to pay the special master's regular fees.

**COMMUNITY MEDIATION SERVICES**
Mediation Services are available through non-profit community organizations. These low-cost services are provided by trained volunteer mediators. For more information about these programs contact the ADR Program at adrweb@contracosta.courts.ca.gov

# EXHIBIT C

Timothy L. Reed, Bar No. 258034
treed@fordharrison.com
Noah M. Woo, Bar No. 311123
nwoo@fordharrison.com
**FORD & HARRISON LLP**
1901 Harrison Street, Suite 1650
Oakland, CA  94612
Telephone:   415-852-6910
Facsimile:   415-852-6925

Attorneys for Defendant WALMART INC.
(erroneously sued as WALMART, INC.)

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF CONTRA COSTA

| | |
|---|---|
| BRIDGETTE HANEY,<br><br>Plaintiff,<br><br>v.<br><br>WALMART, INC., and DOES 1 through 100,<br><br>Defendants. | CASE NO: C-21-00175<br><br>**DEFENDANT WALMART INC.'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT FOR DAMAGES**<br><br>Complaint Filed:   February 9, 2021 |

Defendant WALMART INC. (erroneously sued as WALMART, INC.) ("Defendant") hereby answers the unverified Complaint ("Complaint") filed by plaintiff BRIDGETTE HANEY ("Plaintiff"):

## GENERAL SPECIFIC DENIALS

Pursuant to the provisions of California Code of Civil Procedure Section 431.30(d), Defendant denies, generally and specifically, each and every allegation contained in the Complaint, and further denies that Plaintiff has been damaged in the amount or amounts alleged therein, or in any other amount, or at all, by reason of any act or omission on the part of Defendant, or by any act or omission by any agent or employee of Defendant. Defendant further denies, generally and specifically, that Plaintiff is entitled to any relief whatsoever.

As for its separate affirmative defenses, Defendant alleges as follows:

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Cause of Action)

1.      The Complaint, and each and every cause of action alleged therein, fails to state facts sufficient to constitute a cause of action for which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Statute of Limitations)

2.      As a second separate and distinct affirmative defense to Plaintiff's Complaint, and each and every purported cause of action pleaded therein, Defendant is informed and believes, and thereon alleges, that each, every and all of the causes of action alleged in the Complaint are barred by the applicable statutes of limitation, including without limitation, California Code of Civil Procedure Sections 335.1 and 343 and California Government Code Sections 12960(d) and 12965(b).

## THIRD AFFIRMATIVE DEFENSE

### (Appropriate Remedial Action Taken by Employer)

3.      The Complaint, and each and every cause of action alleged therein, is barred, in whole or in part, because Defendant, to the extent it is an employer, took all reasonable steps to prevent any alleged discrimination and/or harassment once Defendant was made aware of Plaintiff's

1   complaints.

2   **FOURTH AFFIRMATIVE DEFENSE**

3   **(Lack of Knowledge)**

4       4.      The Complaint, and each and every cause of action alleged therein, is barred, or any

5   damages reduced, because Defendant lacked knowledge that Plaintiff experienced any alleged

6   unlawful conduct.

7   **FIFTH AFFIRMATIVE DEFENSE**

8   **(Failure to Mitigate Damages)**

9       5.      Plaintiff failed to take reasonable steps and make reasonable expenditures to reduce

10  Plaintiff's claims, damages, losses, if any, and that said failure to mitigate Plaintiff's damages bars

11  or reduces any claims, losses, or damages.

12  **SIXTH AFFIRMATIVE DEFENSE**

13  **(FEHA Defenses)**

14      6.      Defendant asserts all defenses available to it under the provisions of the Fair

15  Employment and Housing Act, California Government Code Section 12940, *et seq*.

16  **SEVENTH AFFIRMATIVE DEFENSE**

17  **(Failure to Exhaust Administrative Remedies)**

18      7.      As a separate and distinct affirmative defense to Plaintiff's Complaint and each and

19  every purported cause of action pleaded therein, Defendant is informed and believes, and thereon

20  alleges, that the Plaintiff is barred from recovery because the applicable administrative procedures

21  and conditions precedent were not properly exhausted or complied with prior to the commencement

22  of this action, including but not limited to those required under FEHA.

23  **EIGHTH AFFIRMATIVE DEFENSE**

24  **(Failure to Show Violation of Statute, Provision or Public Policy**

25  **of the State of California)**

26      8.      As a separate and distinct affirmative defense to Plaintiff's Complaint, and each and

27  every purported cause of action pleaded therein, Defendant cannot be found liable because

28  Defendant did not violate any statute or constitutional provision or public policy of the State of

California.

## NINTH AFFIRMATIVE DEFENSE

### (After-Acquired Evidence)

9.      The Complaint, and each and every cause of action alleged therein, is barred, or any damages reduced, by after-acquired evidence.

## TENTH AFFIRMATIVE DEFENSE

### (Appropriate Remedial Action Taken by Employer)

10.      The Complaint, and each and every cause of action alleged therein, is barred, in whole or in part, because Defendant took all reasonable steps to prevent any alleged discrimination and harassment once Defendant was made aware of Plaintiff's complaints.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Avoidable Consequences)

11.      Defendant denies that it acted improperly and further denies that Plaintiff incurred any harm. However, assuming *arguendo* that Plaintiff was harmed, Plaintiff unreasonably failed to use the preventive and correct measures that hers employer provided, and the reasonable use of her employer's procedures would have prevented some or all of the harm that Plaintiff allegedly suffered.

## TWELFTH AFFIRMATIVE DEFENSE

### (Scope of Employment)

12.      Defendant denies the occurrence of any unlawful conduct; to the extent any such conduct occurred, it occurred outside the scope of Plaintiff's alleged employment with any named defendant.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (No Authorization or Ratification)

13.      Any unlawful or wrongful acts, to the extent they exist, taken by any Defendant's agents or employees, were outside the course and scope of their authority and such acts, if any, were not authorized, ratified, or condoned by any Defendant nor did any Defendant know nor should have known of such acts.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Not a Substantial Motivating Reason)

14.     The Complaint, and each and every cause of action alleged therein, is barred as Defendant's alleged actions were not a substantial motivating reason for the alleged adverse employment action.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Business Necessity)

15.     Any and all wrongful conduct alleged by Plaintiff was necessitated due to business necessity.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Same Decision Limits Remedies)

16.     The Complaint, and each and every cause of action alleged therein, is limited as Plaintiff would have been terminated for legitimate non-discriminatory reasons regardless of any alleged unlawful conduct.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Workers' Compensation)

17.     The Complaint, and each and every cause of action alleged therein, is preempted by the Workers' Compensation Act.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Equitable Defenses)

18.     Plaintiff's claims are barred by the equitable defenses of waiver, estoppel, laches, and unclean hands.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Lack of Causation)

19.     As a separate and distinct affirmative defense to Plaintiff's Complaint, and each and every purported cause of action pleaded therein, Defendant is informed and believes, and thereon alleges, that any fault, act or omission on the part of Defendant, if any, was neither the cause-in-fact nor the proximate cause of Plaintiff's damages or liabilities, if any.  Rather, any such alleged fault,

1  acts, or omissions, if any, were only secondary, inconsequential, and indirect, and in no way

2  contributed to or caused the alleged damages or liabilities of Plaintiff.

### TWENTIETH AFFIRMATIVE DEFENSE

### (Comparative/Contributory Fault)

20.   Plaintiff's ability to recover against Defendant is barred, or limited, by Plaintiff's own contributory negligence, comparative negligence, or comparative fault.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Reasonable Investigation)

21.   At all times, Defendant acted in good faith, conducted a prompt and thorough investigation of any complaints made by Plaintiff, and responded appropriately under the circumstances.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

### (No Compensatory Damages)

22.   Plaintiff failed to state facts sufficient to support an award of compensatory damages against Defendant.   Furthermore, Plaintiff's alleged damages are too vague, uncertain, and speculative to permit recovery.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

### (No Punitive, Treble, or Exemplary Damages)

23.   Plaintiff failed to allege facts sufficient to support an award of punitive, treble, or exemplary damages against Defendant.  Defendant asserts that it acted without fraud, oppression, or malice against Plaintiff or her rights, and believed it was acting under a legal right, and did no more than insist upon these legal rights in a permissible way.  In addition, any award of punitive damages, treble damages, or exemplary damages in this case would violate the due process, equal protection, and excessive fines provisions of United States Constitutions and any applicable counterparts in the California Constitution.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Consent/Ratification)

24.   Plaintiff consented to and/or ratified all of the alleged acts and omissions that form

the basis of the Complaint, and each purported cause of action therein.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Attorneys' Fees)

25.     Defendant has retained the undersigned counsel, and have agreed to pay their reasonable attorneys' fees for their services.  Pursuant to 28 U.S.C. § 1927 and any other applicable federal statute or law, Defendant is entitled to recover their attorneys' fees and costs incurred in this action.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Mixed Motive)

26.     In the event that Plaintiff proves any wrongful acts by Defendant, the alleged adverse employment actions about which Plaintiff complains would have been the same even if the alleged wrongful motive played no role.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Additional Defenses)

27.     Certain additional affirmative defenses to the Complaint, or to one or more of the purported causes of action contained therein, may be available to the Defendant.  However, these additional affirmative defenses require discovery before they can be properly alleged.  Defendant will move to amend its Answer, if necessary, to allege such affirmative defenses once they have been ascertained or according to proof at that time.

## PRAYER FOR RELIEF

WHEREFORE, Defendant prays for judgment as follows:

1.     That Plaintiff takes nothing by way of the Complaint;

2.     That judgment be entered against Plaintiff and in favor of Defendant on all causes of action;

3.     That Defendant be awarded attorneys' fees and costs of suit incurred herein; and

///

///

///

1    4.    That Defendant be awarded such other and further relief as the Court may deem just

2          and proper.

3

4    DATED: April 8, 2021                    **FORD & HARRISON LLP**

5

6

7                                       By:_____

8                                              Timothy L. Reed
                                               Noah M. Woo
9                                              Attorneys for Defendant
                                               WALMART INC. (erroneously sued as
10                                             WALMART, INC.)

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT WALMART INC.'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT FOR DAMAGES

**PROOF OF SERVICE**

STATE OF CALIFORNIA/COUNTY OF ALAMEDA

I am a citizen of the United States and an employee in the County of Alameda. I am over the age of eighteen (18) years and not a party to the within action. My business address is FORD & HARRISON LLP, 1901 Harrison Street, Suite 1650, Oakland, California 94612.

On April 9, 2021, I served the within:

**DEFENDANT WALMART INC.'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT FOR DAMAGES**

on the following parties:

Brian D. Sudano, Esq.
Sudano Law Firm
1990 N. California Blvd., 8th Floor, Suite 830
Walnut Creek, CA 94596
Telephone:     (925) 849-4183
Facsimile:     (925) 849-4185
Email: bsudano@sudanolaw.com
*Attorney for Plaintiff BRIDGETTE HANEY*

__X__ **BY MAIL:**  I caused such envelope to be deposited in the mail at Oakland, California.  I am readily familiar with the firm's practice for collection and processing of correspondence for mailing.  It is deposited with the U.S. Postal Service on that same day in the ordinary course of business.

I declare under penalty of perjury that the foregoing is true and correct and that this document is executed on April 9, 2021, at Oakland, California.

BRIDGETTE C. BURDICK

WSACTIVELLP:12159315.1

FORD & HARRISON LLP
ATTORNEYS AT LAW
OAKLAND
DEFENDANT WALMART INC.'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT FOR DAMAGES

# EXHIBIT D

🔍 Business Search - Entity Detail

The California Business Search is updated daily and reflects work processed through Saturday, August 29, 2020. Please refer to document **Processing Times** for the received dates of filings currently being processed. The data provided is not a complete or certified record of an entity. Not all images are available online.

C1634374   WALMART INC.

| | | |
|---|---|---|
| Registration Date: | 02/03/1989 | |
| Jurisdiction: | DELAWARE | |
| Entity Type: | FOREIGN STOCK | |
| Status: | ACTIVE | |
| Agent for Service of Process: | **C T CORPORATION SYSTEM (C0168406)** | |
| | To find the most current California registered Corporate Agent for Service of Process address and authorized employee(s) information, click the link above and then select the most current 1505 Certificate. | |
| Entity Address: | 708 SW 8TH STREET BENTONVILLE AR 72716 | |
| Entity Mailing Address: | 708 SW 8TH STREET BENTONVILLE AR 72716 | |

🛒 **Certificate of Status**

A Statement of Information is due EVERY year beginning five months before and through the end of February.

| Document Type ↕ | File Date ↕ | PDF |
|---|---|---|
| PUBLICLY TRADED DISCLOSURE | 06/30/2020 | |
| SI-COMPLETE | 01/25/2020 | |
| PUBLICLY TRADED DISCLOSURE | 07/05/2019 | |
| SI-COMPLETE | 01/26/2019 | |
| PUBLICLY TRADED DISCLOSURE | 07/03/2018 | |
| AMENDED REGISTRATION | 12/14/2017 | |
| PUBLICLY TRADED DISCLOSURE | 07/03/2017 | |
| PUBLICLY TRADED DISCLOSURE | 08/17/2016 | |
| PUBLICLY TRADED DISCLOSURE | 07/16/2015 | |
| PUBLICLY TRADED DISCLOSURE | 07/01/2013 | |
| PUBLICLY TRADED DISCLOSURE | 07/02/2012 | |
| PUBLICLY TRADED DISCLOSURE | 06/28/2011 | |
| PUBLICLY TRADED DISCLOSURE | 06/30/2010 | |
| PUBLICLY TRADED DISCLOSURE | 09/04/2009 | |
| PUBLICLY TRADED DISCLOSURE | 06/30/2008 | |
| PUBLICLY TRADED DISCLOSURE | 06/07/2007 | |
| PUBLICLY TRADED DISCLOSURE | 07/24/2006 | |
| PUBLICLY TRADED DISCLOSURE | 06/29/2005 | |
| PUBLICLY TRADED DISCLOSURE | 06/01/2004 | |
| PUBLICLY TRADED DISCLOSURE | 12/09/2003 | Image unavailable. Please request paper copy. |
| REGISTRATION | 02/03/1989 | |

\* Indicates the information is not contained in the California Secretary of State's database.

- If the status of the corporation is "Surrender," the agent for service of process is automatically revoked. Please refer to California Corporations Code **section 2114** for information relating to service upon corporations that have surrendered.
- For information on checking or reserving a name, refer to **Name Availability**.
- If the image is not available online, for information on ordering a copy refer to **Information Requests**.
- For information on ordering certificates, status reports, certified copies of documents and copies of documents not currently available in the Business Search or to request a more extensive search for records, refer to **Information Requests**.
- For help with searching an entity name, refer to **Search Tips**.
- For descriptions of the various fields and status types, refer to **Frequently Asked Questions**.

| Modify Search | New Search | Back to Search Results |
|---|---|---|

# EXHIBIT E



# State of California
## Secretary of State

### Statement of Information
(Foreign Corporation)
**FEES (Filing and Disclosure): $25.00.**
**If this is an amendment, see instructions.**
**IMPORTANT – READ INSTRUCTIONS BEFORE COMPLETING THIS FORM**

F

## GC48779

## FILED

**In the office of the Secretary of State of the State of California**

## JAN-25 2020

| 1.  CORPORATE NAME |
|---|
| WALMART INC. |

| 2.  CALIFORNIA CORPORATE NUMBER | C1634374 |
|---|---|

This Space for Filing Use Only

**No Change Statement**  (Not applicable if agent address of record is a P.O. Box address.  See instructions.)

3.  **If there have been any changes to the information contained in the last Statement of Information filed with the California Secretary of State, or no statement of information has been previously filed, this form must be completed in its entirety.**

☐  If there has been no change in any of the information contained in the last Statement of Information filed with the California Secretary of State, check the box and proceed **to Item 13.**

**Complete Addresses for the Following**  (Do not abbreviate the name of the city.  Items 4 and 5 cannot be P.O. Boxes.)

| | CITY | STATE | ZIP CODE |
|---|---|---|---|
| 4.  STREET ADDRESS OF PRINCIPAL EXECUTIVE OFFICE<br>708 SW 8TH STREET, BENTONVILLE, AR 72716 | | | |
| 5.  STREET ADDRESS OF PRINCIPAL BUSINESS OFFICE IN CALIFORNIA, IF ANY | | | |
| 6.  MAILING ADDRESS OF THE CORPORATION, IF DIFFERENT THAN ITEM 4 | | | |

**Names and Complete Addresses of the Following Officers**  (The corporation must list these three officers.  A comparable title for the specific officer may be added; however, the preprinted titles on this form must not be altered.)

| | ADDRESS | CITY | STATE | ZIP CODE |
|---|---|---|---|---|
| 7.  CHIEF EXECUTIVE OFFICER/<br>C. DOUGLAS  MCMILLON | 708 SW 8TH STREET, BENTONVILLE, AR 72716 | | | |
| 8.  SECRETARY<br>GORDON Y. ALLISON | 708 SW 8TH STREET, BENTONVILLE, AR 72716 | | | |
| 9.  CHIEF FINANCIAL OFFICER/<br>MATTHEW  ALLEN | 708 SW 8TH STREET, BENTONVILLE, AR 72716 | | | |

**Agent for Service of Process**  If the agent is an individual, the agent must reside in California and Item 11 must be completed with a California street address, a P.O. Box address is not acceptable.  If the agent is another corporation, the agent must have on file with the California Secretary of State a certificate pursuant to California Corporations Code section 1505 and Item 11 must be left blank.

| 10.  NAME OF AGENT FOR SERVICE OF PROCESS  [Note: The person designated as the corporation's agent MUST have agreed to act in that capacity prior to the designation.] |
|---|
| C T CORPORATION SYSTEM |

| 11.  STREET ADDRESS OF AGENT FOR SERVICE OF PROCESS IN CALIFORNIA, **IF AN INDIVIDUAL**  CITY | STATE | ZIP CODE |
|---|---|---|

**Type of Business**

| 12.  DESCRIBE THE TYPE OF BUSINESS OF THE CORPORATION |
|---|
| RETAIL SALES |

13.  THE INFORMATION CONTAINED HEREIN IS TRUE AND CORRECT.

| 01/25/2020 | KELLY LETTMANN | POWER OF ATTORNEY | |
|---|---|---|---|
| DATE | TYPE/PRINT NAME OF PERSON COMPLETING FORM | TITLE | SIGNATURE |

| SI-350 (REV 01/2013) | APPROVED BY SECRETARY OF STATE |
|---|---|

# EXHIBIT F

Timothy L. Reed, Bar No. 258034
treed@fordharrison.com
Noah M. Woo, Bar No. 311123
nwoo@fordharrison.com
**FORD & HARRISON LLP**
1901 Harrison Street, Suite 1650
Oakland, CA  94612
Telephone:    415-852-6910
Facsimile:    415-852-6925

Attorneys for Defendant WALMART INC.
(erroneously sued as WALMART, INC.)

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF CONTRA COSTA

| | |
|---|---|
| BRIDGETTE HANEY,<br><br>            Plaintiff,<br><br>        v.<br><br>WALMART, INC., and DOES 1 through 100,<br><br>            Defendants. | CASE NO.  CIV-DS-2013959<br><br>**DEFENDANT WALMART INC.'S NOTICE TO PLAINTIFF AND STATE COURT OF REMOVAL OF CIVIL ACTION**<br><br>Action Filed:          February 9, 2021<br>Action Removed:      April 9, 2021 |

WSACTIVELLP:11721690.1

1    **TO THE CLERK OF THE SUPERIOR COURT OF CONTRA COSTA COUNTY,**

2    **CALIFORNIA AND TO PLAINTIFF BRIDGETTE HANEY AND HER COUNSEL OF**

3    **RECORD:**

4        **PLEASE TAKE NOTICE** that defendant Walmart Inc. (erroneously sued as Walmart.

5    Inc.), without waiving any of its rights, removed the above-captioned case from this Court by

6    filing a Notice of Removal with the Clerk of the United States District Court for the Northern

7    District of California.  Pursuant to 28 U.S.C. § 1446(d), "the State Court shall proceed no further

8    unless the case is remanded."  A copy of the Notice of Removal is attached hereto as **Exhibit A**.

9

10   Date:  April ____, 2021                    Respectfully submitted,

11                                              **FORD & HARRISON LLP**

12

13                                   By:_____

14                                        Timothy L. Reed
                                          Noah M. Woo
15                                        Attorneys for Defendant
                                          WALMART INC. (erroneously sued as
16                                        WALMART, INC.)

17

18

19

20

21

22

23

24

25

26

27

28

FORD & HARRISON
LLP
ATTORNEYS AT LAW
OAKLAND

WSACTIVELLP:11721690.1                         - 2 -

CASE NO. CIV-DS-2013959
DEFENDANT WALMART INC.'S NOTICE TO PLAINTIFF AND STATE COURT OF REMOVAL OF CIVIL ACTION

1

## **PROOF OF SERVICE**

2

STATE OF CALIFORNIA/COUNTY OF ALAMEDA

3

I am a citizen of the United States and an employee in the County of Alameda. I am over

4

the age of eighteen (18) years and not a party to the within action. My business address is FORD

5

& HARRISON LLP, 1901 Harrison Street, Suite 1650, Oakland, California 94612.

6

7

On April ___, 2021, I served the within:

8

9

**DEFENDANTS' NOTICE TO PLAINTIFF AND STATE COURT OF REMOVAL OF CIVIL ACTION**

10

on the following parties:

11

Brian D. Sudano, Esq.
Sudano Law Firm

12

1990 N. California Blvd., 8th Floor, Suite 830
Walnut Creek, CA 94596

13

Telephone:      (925) 849-4183

14

Facsimile:       (925) 849-4185
Email: bsudano@sudanolaw.com

15

*Attorney for Plaintiff BRIDGETTE HANEY*

16

17

__X__   **BY MAIL:**  I caused such envelope to be deposited in the mail at Oakland, California.  I am readily familiar with the firm's practice for collection and processing of correspondence for mailing.  It is deposited with the U.S. Postal Service on that same day in the ordinary course of business.

18

19

20

I declare under penalty of perjury that the foregoing is true and correct and that this

document is executed on April ___, 2021, at Oakland, California.

21

22

23

_____

24

BRIDGETTE C. BURDICK

25

26

27

28

1

## CERTIFICATE OF SERVICE

2

STATE OF CALIFORNIA/COUNTY OF ALAMEDA

3

I am a citizen of the United States and an employee in the County of Alameda. I am over

4

the age of eighteen (18) years and not a party to the within action. My business address is FORD

5

& HARRISON LLP, 1901 Harrison Street, Suite 1650, Oakland, California 94612.

6

7

On April 12, 2021, I served the within:

8

9

**DECLARATION OF NOAH WOO IN SUPPORT OF DEFENDANT'S NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA PURSUANT TO  28 U.S.C. §§ 1332, 1441, AND 1446 (DIVERSITY JURISDICTION)**

10

11

on the following parties:

12

Brian D. Sudano, Esq.
Sudano Law Firm

13

1990 N. California Blvd., 8th Floor, Suite 830
Walnut Creek, CA 94596

14

Telephone:     (925) 849-4183

15

Facsimile:     (925) 849-4185
Email: bsudano@sudanolaw.com

16

*Attorney for Plaintiff BRIDGETTE HANEY*

17

18

   **X    BY MAIL:**  I caused such envelope to be deposited in the mail at Oakland, California.  I am readily familiar with the firm's practice for collection and processing of correspondence for mailing.  It is deposited with the U.S. Postal Service on that same day in the ordinary course of business.

19

20

21

I declare under penalty of perjury that the foregoing is true and correct and that this document is executed on April 12, 2021, at Oakland, California.

22

23

24

BRIDGETTE C. BURDICK

25

WSACTIVELLP:12159324.1

26

27

28